IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-068 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| WILLIAM SMITH, Investigator; | ) | |
| TERENCE MILLER, Deputy; | ) | |
| URVESHKUMAR PATEL, Store Owner; | ) | |
| and FNU REEVES, Captain, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, originally filed a civil rights complaint asking this Court to investigate the circumstances of his pre-trial detention. Because it was unclear from the complaint whether Petitioner was seeking relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2241, the Court ordered Petitioner to re-characterize his case as either a civil rights compliant or a habeas corpus petition. (See doc. nos. 3, 4.) Petitioner has now submitted a habeas corpus petition pursuant to 28 U.S.C. § 2241. Accordingly, the Court **DIRECTS** the **CLERK** to update the docket to delineate the parties as Petitioner and Respondents.

Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and

that this case be **DISMISSED** without prejudice and **CLOSED**.

## I. BACKGROUND

In the original civil rights complaint, Petitioner alleges that he was wrongfully arrested for armed robbery because law enforcement intentionally fabricated and tampered with evidence needed for his arrest and detention. (Doc. no. 1, p. 5.) According to Petitioner, he was arrested for exercising his Fifth Amendment rights, denied bail, was falsely arrested, and was denied legal representation. (See id.) Publicly available records show that Petitioner currently has a pending armed robbery case against him in the Superior Court of Richmond County. State v. Glenn, Case No. 2016RCCR00391 (Richmond County Superior Court March 3, 2016), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2016RCCR00391, last visited June 21, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings). The docket also reflects that Petitioner was appointed counsel on April 15, 2016. State v. Glenn, Case No. 2016RCCR00391. Petitioner was indicted on March 8, 2016, and filed motions to suppress witness testimony on June 9, 2016, and June 13, 2016. Id.

In his habeas petition, Petitioner requests "release from jail, and that all charges against [him] be dismissed." (Doc. no. 4.) Petitioner has attached numerous exhibits from the Richmond County armed robbery case which include case reports, arrest warrants, and the underlying indictment. (See id. at 11-45.) However, Petitioner has not demonstrated he has pursued or exhausted state remedies.

## II. DISCUSSION

The petition should be dismissed because petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring); Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973)) ("The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process."). As such, there exists a common law exhaustion requirement for § 2241 claims, codified in 28 U.S.C. § 2254(b). Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973); Bembry v. St. Lawrence, No. CV406-234, 2006 WL 3085511, at *1 (S.D. Ga. Oct. 27, 2006).

The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To exhaust a federal

3

claim, a petitioner must have "fairly presented [it] to the state courts." Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012). This "fair presentation" requirement has been interpreted to mean that state courts should be afforded "a meaningful opportunity to consider the allegations of legal error" without interference from the federal courts. McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Petitioner does not allege that he has invoked any state court remedies, and there is nothing in the record to suggest that he has. Although Petitioner has attached numerous documents from his underlying arrest, he has not provided any indication he has endeavored to file a state habeas corpus petition, which he is entitled to do under Georgia law. O.C.G.A. § 9-14-1(a). Indeed, with regard to the claims asserted in the instant petition, Georgia law allows pretrial detainees to raise such claims during their state criminal proceedings or collaterally in a state habeas corpus action. Fields v. Tankersley, 487 F. Supp. 1389, 1390 (S.D. Ga. 1980) (Georgia detainee seeking review of denial of bail did not exhaust state remedies because he did not file state habeas petition); Kearse v. Paulk, 448 S.E.2d 369, 370 (Ga. 1994) (claim of denial of assistance of counsel during pretrial detention was properly raised during state criminal proceedings); Coquillian v. State, 313 S.E.2d 126, 126 (Ga Ct. App. 1984) (claims relating to Fifth Amendment self-incrimination were properly raised during state criminal proceedings). Petitioner's claims alleging innocence of the offense with which he is charged will obviously be litigated in his pending state criminal proceeding.

4

Because Petitioner does not state that he has attempted, let alone been denied the opportunity to pursue, any other relief himself via collateral proceedings in the state courts of Georgia, and because the issues Petitioner has raised might be resolved by trial on the merits, this Court declines to exercise jurisdiction. Given that Petitioner has not exhausted state court remedies, the Court concludes Petitioner has not satisfied the exhaustion requirement and this federal habeas corpus petition should be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. no. 2), and that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of July, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA